[Civ. No. 489.  Second Appellate District.—March 24, 1908.]

Estate of LOUIS RIVIERE, Deceased.  ALICE RIVIERE
    et al., Appellants, FRITZ BACHMANN, Executor, and
    CHARLES H. MATTINGLY, Respondents.

ESTATES OF DECEASED PERSONS—ORDER FIXING COMPENSATION OF AT-
    TORNEY—APPEAL.—Parties interested in the estate of a deceased
    person have the right to appeal from an order of the superior
    court making an allowance to the attorney for the executor of
    compensation for extraordinary services to be paid out of the funds
    of the estate by the executor.

ID.—MOTION TO DISMISS.—Such an appeal cannot be dismissed in ad-
    vance of the hearing, on the ground that it has no merit.

MOTION to dismiss an appeal from an order of the Su-
perior Court of Los Angeles County fixing the compensation
of the attorney for an executor.  James C. Rives, Judge.

The facts are stated in the opinion of the court.

Edgar E. Lefevre, McNutt & Hannon, Edward G. Kuster,
and Edward L. Hutchinson, for Appellants.

Charles H. Mattingly, for Respondents.

SHAW, J.—Motion to dismiss appeal.  Charles H. Mat-
tingly, as attorney for the executor and special administrator
of the estate of Louis Riviere, and Fritz Bachmann, as such
executor and special administrator, upon notice given pur-
suant to an order of court therein made, applied to the court
for an order under the provisions of sections 1616 and 1619,
Code of Civil Procedure, for an allowance to said executor
and special administrator out of the assets of the estate for
compensation on account of extraordinary services rendered
by Charles H. Mattingly as such attorney, and for an order
directing said executor and special administrator to pay such
allowance to said attorney.  Upon a hearing the court made
an order whereby it fixed the attorney's fees of said Charles
H. Mattingly for services rendered, and further ordered Fritz
Bachmann, as such executor and special administrator, to
pay the sum so fixed to said Charles H. Mattingly as such

attorney, out of the assets of said estate. The appeal is by parties interested in the estate, and is from that portion of the order allowing said Mattingly the sums of $1,000 and $500, respectively.

Notwithstanding the fact that the proceeding is of a dual character, on behalf of both attorney and executor, and alleged to be taken under the provisions of both of said sections 1616 and 1619, we, nevertheless, construe it as an application by the attorney for the executor and special administrator, made under the provisions of section 1616, Code of Civil Procedure, for an order requiring said executor and special administrator to pay said attorney out of the assets of the estate such compensation for services rendered as to the court may seem just and proper. Since under the express provisions of this section the order is a subject of appeal, not only by the attorney who makes the application, but by any other interested party, it is unnecessary to consider the objection that appellants are not parties aggrieved by the order. Having an interest in the estate, they have the right to appeal.

There is nothing in the contention that no notice of appeal has been filed or undertaking or deposit on appeal filed or made.

A further ground for the motion is that the record does not present a case upon which this court can grant the relief for which appellants contend, nor any relief. Even if this be true, they are nevertheless entitled to a hearing upon presentation of their appeal. The fact that there is no merit in an appeal is no ground for its dismissal without a hearing.

The motion to dismiss is denied.

Allen, P. J., and Taggart, J., concurred.